# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAHRAM MANOUCHEHRI,<br><br>Plaintiff,<br><br>vs.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE DEUTSCHE ALT-A SECURITIES, INC. MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA4, et al.,<br><br>Defendants. | CASE NO. 17cv119-LAB (BGS)<br><br>**ORDER GRANTING PARTIAL JUDGMENT ON THE PLEADINGS** |

Ten years ago, Bahram Manouchehri bought a San Diego home. Countrywide loaned Manouchehri the money, he defaulted, and eventually his deed of trust was assigned to defendant HSBC Bank. The Bank substituted the Law Offices of Les Zieve as trustee. After four years of foreclosure proceedings, the Trustee sold Manouchehri's home to the Bank. Manouchehri didn't leave, so the Bank filed an unlawful detainer action against him in state court. He removed that case, and this Court remanded for lack of jurisdiction. At the same time, Manouchehri filed this action against the Bank and the Trustee. He alleges they violated two federal laws: the Fair Debt Collection Practices Act and the Truth in Lending Act. He also alleges six state causes of action. Defendants filed a motion for judgment on the pleadings.[1]

---

[1] The Court takes judicial notice of the undisputed public records filed at Dkt. 6 and Dkt.15. Fed. R. Evid. 201; see *In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014).

## Jurisdiction

This Court has federal question jurisdiction to hear Manouchehri's federal claims. 28 U.S.C. § 1331. But there's no diversity jurisdiction because both Manouchehri and the Trustee are California citizens; complete diversity, therefore, is lacking. 28 U.S.C. § 1332. [Dkt. 6 at 2–3.]

## Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Motions under Rule 12(c) are "functionally identical" to Rule 12(b) motions, and the Court must accept Manouchehri's plausible factual allegations as true. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

## Analysis

### A. Fair Debt Collection Practices Act

The Fair Debt Collection Practices Act was designed "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). A debt collector is someone who attempts to collect money a consumer owes to another. *Id.* § 1692a (5),(6). Manouchehri concedes that the Bank isn't a debt collector under the Act, but maintains that the Trustee counts as a debt collector under § 1692f(6) because it's enforcing a security interest by foreclosing on his home to collect the money he owes the Bank. *See Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 971 (9th Cir. 2017); *Vien-Phuong Thi Ho v. ReconTrust Co., NA*, 858 F.3d 568, 572 (9th Cir. 2016).

Section 1692f(6) prohibits debt collectors from taking "any nonjudicial action to effect dispossession or disablement of property if" they have "no present right to possession of the property claimed as collateral through an enforceable security interest." Manouchehri suspects that when he agreed to the loan ten years ago, Countrywide's money came from some unknown third party. [Dkt. 6 at 5.] He says that maneuver, known as *table-funding*, is illegal in California when used to fund loans for homes. Therefore, the Trustee violated § 1692f(6) by foreclosing on "an invalid secured claim." [Dkt. 17 at 8.] The Court disagrees.

Aside from policy arguments, Manouchehri's only support for his theory is a citation to California Business & Professions Code § 10234(d). He highlights the following portion of that provision: "A trust deed may be recorded in the name of the real estate broker negotiating the loan if . . . . the real property securing the loan as described in the trust deed is not a dwelling." Manouchehri reads this statute to say it was illegal for Countrywide, the original lender of his loan, to record its own name on the trust deed because it may have acted as a broker for some unknown third party who funded his mortgage. In other words, he reads §10234(d) to say table-funding residential mortgages is illegal.

The statute doesn't say that. And Manouchehri offers no authority in support of his interpretation. Instead, two district courts have already rejected Manouchehri's theory, brought by his same attorney in this case. *See Palmer v. MTC Fin., Inc.*, 2017 WL 2311680, at *4, *6 (E.D. Cal. May 26, 2017); *Grieves v. MTC Fin. Inc.*, 2017 WL 3142179, at *12 n.1 (N.D. Cal. July 25, 2017). This Court rejects that theory as well.[2]

Even if Manouchehri is right about § 10234(d), he's only offered conclusory allegations that his original loan was illegally table-funded: "Plaintiff is informed and believes . . . that [Countrywide] was not the actual funding lender . . . but instead acted as a 'broker' to bring in anonymous outside funding from a third party to table-fund the loan proceeds." [Dkt. 6 at 5.] He speculates that Countrywide may have obtained the money "from a pre-funded SPE or other source." [Dkt. 6 at 8.] But the Court need not accept those conclusory and speculative statements as true. *See Palmer*, 2017 WL 2311680, at *6. And as a practical matter, it doesn't make any sense to force a trustee attempting to comply with California's strict foreclosure rules to face federal debt collection litigation because the debtor claims it's possible his original loan ten years ago came from an unknown source.

---

[2] California courts have also found no authority for this theory. *See, e.g., Tejeda v. Wells Fargo Bank, N.A.*, 2017 WL 5899169, at *3–4 (Cal. Ct. App. Nov. 30, 2017) ("Assuming the loan here was table funded, we find nothing in California's statutory scheme that authorizes a borrower to void a deed of trust based on table funding."); *Allen v. Bank of New York Mellon*, 2016 WL 5239625, at *13 (Cal. Ct. App. Sept. 22, 2016).

B. **Truth in Lending Act**

Manouchehri also maintains he has a claim under the Truth in Lending Act because he didn't receive notice that his Deed of Trust was assigned to the Bank. 15 U.S.C. § 1641(g). But Manouchehri had one year to bring this claim when the assignment occurred in 2013. He filed this complaint in 2016. The statute of limitations bars his claim. *Id.* at §1640(e). *Cervantes v. Countrywide Home Loans*, 656 F.3d 1034, 1045 (9th Cir. 2011).[3]

Manouchehri argues that the Court should equitably toll the statute of limitations because it was the Bank's fault he didn't find out about the assignment. But courts only apply equitable tolling when, "despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim." *Cervantes*, 656 F.3d at 1045. Here, Manouchehri had constructive notice of the assignment because it was recorded. He can't show he exercised due diligence or that "extraordinary circumstances" exist that justify equitable tolling. *See McQuinn v. Bank of Am., N.A.*, 656 F. App'x 848, 849 (9th Cir. 2016).

### Disposition

The motion for judgment on the pleadings for the federal causes of action is granted. Manouchehri didn't argue for leave to amend, and there's no reason to offer it: his FDCPA claim fails as a legal theory and his TILA claim is time-barred. The Court declines to exercise supplemental jurisdiction over the remaining state law claims and dismisses them without prejudice. 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). The clerk is directed to close the case.

**IT IS SO ORDERED**.

Dated: 1-9-18

*[signature]*

HONORABLE LARRY ALAN BURNS
United States District Judge

---

[3] Manouchehri alleges the assignment occurred in 2011, but attaches a notice of assignment indicating it occurred in 2013. [Dkt. 6-1 at 1; *see also* Dkt. 15-2 at 39.]